**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                         Case No.  1:07-CR-275-01-JOF

**ALLEN SOUTHMAYD**

                                                                             Defendant's Attorney:
                                                                             **COLIN M. GARRETT**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) One of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:2314 | Interstate Transportation of Stolen Property | 1 |

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Count(s) dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately (Note: Paid 09/27/07).

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       6683                               Date of Imposition of Sentence:
Defendant's Date of Birth:       1944                               January 28, 2008
Defendant's Mailing Address:
Jonesboro, Georgia

Signed this the 31st day of January, 2008.

_____
J. OWEN FORRESTER
UNITED STATES DISTRICT JUDGE

1:07-CR-275-01-JOF : ALLEN SOUTHMAYD

# PROBATION

The defendant is hereby placed on probation for a term of Thirty Six (36) Months commencing January 28, 2008.

The defendant shall not commit another Federal, state, or local crime.

The defendant shall pay restitution in the amount of **$73,068.64** to the American Board of Forensic Document Examiners, Inc. as a condition of supervision (Note: On 11/30/07, the Court ordered the release of a $73,068.64 cashier's check to the victim paying the restitution in full).

The defendant shall cooperate in the collection of DNA as directed by the probation officer Pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

   The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device as defined in 18 U.S.C. § 921.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions of the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation office;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependants and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

1:07-CR-275-01-JOF : ALLEN SOUTHMAYD

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer:

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall perform six (6) months (960 hours, 40 hours a week, 8 hours a day) of community service commencing on February 15, 2008, within the first six (6) months of probation under the guidance and supervision of the U.S. Probation Officer.

2) The defendant shall participate in the following home confinement detention program for a period of six (6) months consecutive to the six (6) months community service and abide by all the requirements of the program which includes electronic monitoring or other location verification system.  The defendant shall pay all or part of the costs of the program based upon his ability to pay as determined by the probation officer.  The defendant shall be restricted to his residence at all times except for 8 hours a week for personal business such as religious services, medical services, mental health treatment, court-ordered obligations or other activities as pre-approved by the probation officer.  If the defendant becomes employed during this time frame, the schedule should be adjusted accordingly.

3) The defendant shall provide the probation officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers; he shall allow the installation of any software/hardware on his computer by the probation officer, and he shall abide by all rules of the Computer Compliance Agreement to ensure he is not accessing any gambling website or gambling on-line.

4) The defendant shall not enter, frequent, travel to, or be involved with any legal or illegal gambling establishment or activity as directed by the probation officer.

5) The defendant shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, at his own expense, as approved and directed by the probation officer, based upon his ability to pay.